FILED
2013 Feb-19 PM 12:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### JASPER DIVISION

| | |
|---|---|
| **JERMAINE MITCHELL,** | ) |
| Plaintiff, | ) |
| vs. | ) 6:12-CV-1152-AKK-MHH |
| **OFFICER JARED PEARCE, et al.,** | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

The magistrate judge issued a Report and Recommendation on November 7, 2012, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed under 28 U.S.C. § 1915A(b). (Doc. 8). The plaintiff filed an objection to the Report and Recommendation on November 28, 2012. (Doc. 9).[1]

The plaintiff argues that Officer Pearce retaliated against him for filing a grievance about Officer Pearce's act of throwing trash on the floor of the plaintiff's cell. Specifically, the plaintiff complains that Officer Pearce filed two false disciplinary charges against him. The plaintiff's claim against Officer Pearce requires further review.

---

[1] Plaintiff filed an amendment to his objection on January 28, 2013. (Doc. 11).

Having carefully reviewed and considered *de novo* all of the materials in the court file, including the Report and Recommendation and the objection thereto, the Court **VACATES** the magistrate judge's report as to Officer Pearce. The Court **ADOPTS** the magistrate judge's report as it pertains to Warden Freddie Butler, Capt. Tim Holcomb, and Lt. Donald Skipper.

It is therefore **ORDERED, ADJUDGED, and DECREED** that all of plaintiff's claims in this action other than his claim against Officer Jared Pearce are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b). It is further **ORDERED** that the retaliation claim against Officer Pearce is **REFERRED** to the magistrate judge for further proceedings.[2]

**DONE** this 19th day of February, 2013.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE

---

[2] In addition to demanding damages for the constitutional violations alleged, the plaintiff requests injunctive relief. On January 28, 2013, the plaintiff notified the court that he no longer is housed at the Hamilton A&I Correctional Facility where the incident about which he complains purportedly occurred. (Doc. 10). Consequently, he no longer has standing to seek injunctive relief, but he may pursue his claim for damages. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983); *Tucker v. Phyfer,* 819 F.2d 1030 (11th Cir. 1987).